A. II.  BECK *et al.*, Administrators, Appellants, v.
FIRMENICH MANUFACTURING COMPANY,
Appellee.

Personal Injury: CONTRIBUTORY NEGLIGENCE: PRACTICE.   A work-
man who was employed in a room of a glucose factory where
there were in operation various belts, pulleys, a revolving shaft
and other machinery, after three months' service, during which
time he had had an opportunity to become acquainted with the
operation of the machinery, and to observe its dangerous character,
being required to move a box, with the aid of another employe,
took up one end of the box and walked backwards towards the
shaft, and in so doing his body was caught by the shaft, and he was
killed.   *Held*, that whether the defendant was negligent or not in
failing to box the revolving shaft, the deceased was guilty of con-
tributory negligence, and the administrator of his estate was not
entitled to recover damages for his death.

*Appeal from Marshall District Court.*—HON. S. M.
WEAVER, Judge.

MONDAY, FEBRUARY 9, 1891.

ACTION to recover for the negligence of defendant in
causing the death of the plaintiff's intestate while in the

employment of the defendant in a glucose factory. After the introduction of the evidence the district court directed a verdict for the defendant on the ground that the undisputed evidence failed to support the plaintiffs' cause of action, and entered a judgment accordingly. The plaintiffs appeal.—*Affirmed.*

*Brown & Miller,* for appellants.

*J. L. Carney,* for appellee.

BECK, C. J.—The undisputed evidence in the case shows that the plaintiffs' intestate was employed as a workman in a glucose factory operated by the defendant. He had been so employed for three months or more, and all the time worked in a room where there were eighteen " shaker-boxes," used in separating the starch from the corn from which the glucose is extracted. The boxes were three feet, four inches broad, and ten feet, eight inches long. In the same room there were belts, pulleys, a revolving shaft, tanks, pillars and other things occupying much space. The intestate well knew, or had an opportunity to learn, the uses of the machinery in the room. He knew the movements of the belts and pulleys, and that the shaft revolved with considerable velocity. These things were all plainly before the eyes of all working in the room, and the intestate could not have failed to observe them during his three months of service in the room. Common intelligence, which enabled him to perform the work required of him in the room, revealed to him that the revolving shaft was in no way dangerous except to one who came in contact with it. In this respect it was not unlike all moving machinery. The shafts, cranks, pistons, wheels, etc., of a steam-engine are alone dangerous to employes and others about them whose bodies come in contact with them. It would be negligence for an employe to expose his body to their power. The intestate was required to move a "shaker-box," with the assistance of a fellow-employe, away for repairs, or for some other

purpose. The intestate took the end of the box nearer the revolving shaft, and walked backward, with the intent of moving it under the shaft. His body came in contact with the shaft, which caught his clothing, and he was almost instantly killed. His death clearly resulted from his own negligence. He surely did not exercise the care which the instincts of nature demanded for his safety. His negligence was not different from the reckless disregard of personal safety which would be indicated by one while in an engine-room walking against a fly-wheel, shaft or crank of the engine.

It may be that the defendant was negligent in failing to box the revolving shaft, or in some other matter, but certain it is that the intestate did contribute to his death by his own negligence. Under the familiar rule prevailing in this court he cannot recover, and it was the duty of the court below, upon his negligence being established by undisputed evidence, to direct a verdict for the defendant. The familiar doctrines upon which these conclusions are based do not demand in their support the citation of authorities.

Other questions in the case argued by counsel need not be discussed. AFFIRMED.